ROBERT J. REYNOLDS P.S.
514 North 1st Street Ste. A
Yakima, WA 98901
Tel: (509)453-0313
Fax: (509)453-0314

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

SEP 0 8 2010

JAMES R. LARSEN, CLERK
_____DEPUTY
YAKIMA, WASHINGTON

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PAUL STRASTERS and<br>ZADELLE STRASTERS,<br>a married couple,<br><br>       Plaintiffs,<br><br>   vs.<br><br>WEINSTEIN & RILEY, P.S.,<br>a debt collection agency and<br>WELLS FARGO BANK, N.A<br>a nationally chartered bank<br>holding company;<br><br>      Defendants.| NO. **CV-10-3070-RHW**<br><br>COMPLAINT FOR VIOLATION<br>OF RCW 19.86.020 AND<br>15 USC 1692 |

COMES NOW Plaintiffs-Paul Strasters and Zadelle Strasters, by and

through their attorney, Robert J. Reynolds, and allege:

1        **PARTIES**

2        1.1     Plaintiffs-Paul Strasters and Zadelle Strasters (the Strasters) are

3     residents of Montrose, Colorado.

4        1.2     Defendant-Weinstein & Riley P.S. (Weinstein) is a debt collection

5     agency doing business in Yakima, Washington.

6        1.3     Defendant-Wells Fargo Bank, N.A. (Wells Fargo) is a nationally

7     chartered bank doing business in Yakima, Washington.

8

9        **JURISDICTION**

10       2.1     Through this proceeding, the Strasters are alleging that Weinstein has

11    violated the Fair Debt Collection Practices Act 15 U.S.C. § 1692.  15 U.S.C. §

12    1692k(d) grants jurisdiction over such cases, "[to] any appropriate United States

13    district court, without regard to the amount in controversy..."  15 U.S.C. §

14    1692k(d).  Thus, this Court has jurisdiction.

15       2.2     Additionally, a Federal District Court has supplemental jurisdiction

16    "in any civil action of which the district courts have original jurisdiction, the

17    district courts shall have supplemental jurisdiction over all other claims that are so

18    related to claims in the action within such original jurisdiction that they form part

19    of the same case or controversy."  28 U.S.C. § 1367.  The same facts which prove

20    that Weinstein violated the Fair Debt Collection Practices Act 15 U.S.C. § 1692,

ROBERT J. REYNOLDS P.S.
514 North 1st Street Ste. A
Yakima, WA 98901
Tel: 509-453-0313 Fax: 509-453-0314

1  prove that Weinstein and Wells Fargo violated the Washington Consumer

2  Protection Act RCW 19.86.020 which provides additional safeguards to consumers

3  in furtherance of the goals of the Fair Debt Collection Practices Act.  Thus this

4  Court has supplemental jurisdiction over the Strasters' Washington Consumer

5  Protection claim.

6  **BACKGROUND**

7      3.1    On February 14, 2006, the Strasters filed for bankruptcy protection.

8      3.2    On May 23, 2006, Wells Fargo initiated an adversary proceeding

9  through Weinstein requesting that the Strasters' debt to it be declared non-

10  dischargeable.

11      3.3    On June 28, 2006, a Chapter 13 bankruptcy proceeding was opened in

12  the Bankruptcy Court for the Eastern District of Washington.

13      3.4    On January 17, 2007, an Order and Judgment of Non-Dischargeability

14  based upon a Stipulation of the Parties was entered in Wells Fargo's favor in the

15  amount of $3,000, the payment of which would be handled through the Trustee and

16  the remaining balance would be paid at the rate of $100 per month until the

17  balance was paid.

18      3.5    However, Weinstein and Wells Fargo did not hold to the terms of the

19  agreement and contacted the Strasters demanding payment on the debt knowing

ROBERT J. REYNOLDS P.S.
514 North 1st Street Ste. A
Yakima, WA 98901
Tel: 509-453-0313 Fax: 509-453-0314

1    full well the terms of the Stipulation and subsequent Order and that the Strasters

2    had legal representation.

3        3.6    On August 22, 2008, a Motion for Sanctions for Violation of the

4    Automatic Stay was initiated on the Strasters' behalf.  In consideration for

5    dismissing the claim, Weinstein agreed to reduce the principal of the debt by

6    $1,000.

7        3.7    On October 28, 2010, the bankruptcy proceeding was converted from

8    a Chapter 13 to a Chapter 7.

9        3.8    As of the date of the conversion to a Chapter 7, the Trustee had paid

10    $783.39 to Wells Fargo, thus the Strasters still owed $1,216.61 for the non-

11    discharged debt to Wells Fargo and they began making the monthly payments of

12    $100.

13        3.9    After making 10 payments, Weinstein claimed that the Strasters still

14    owed $2,000.  The Strasters communicated to Weinstein concerning the error and

15    believed that the debt had been settled.

16        3.10   On July 30, 2010, Weinstein directly contacted the Strasters claiming

17    that they still owed $2,000 despite the previous conversations, despite knowledge

18    that the Strasters were represented concerning that debt, despite the reduction in

19    principal due to its own bad behavior and despite the payments it received through

20    the Trustee.

ROBERT J. REYNOLDS P.S.
514 North 1st Street Ste. A
Yakima, WA 98901
Tel: 509-453-0313 Fax: 509-453-0314

# CLAIMS

4.1    Weinstein has violated 15 USC 1692f(1) and RCW 19.16.250(18) by attempting to collect an amount on a debt which is not owed.

4.2    Weinstein has violated 15 USC 1692b(6), 15 USC 1692c(a)(2) and RCW 19.16.250(11) by contacting the Strasters after it knew that they had representation with regards to that debt.

4.3    Weinstein has additionally violated RCW 19.86.020 through violating RCW 19.16.250 which is a per se violation of RCW 19.86.020.   See RCW 19.16.440.

4.4    Wells Fargo has violated RCW 19.86.020 by retaining a collection agency to collect on a debt which was not owed.

4.5    Due to Weinstein's and Wells Fargo's harassment of the Strasters, the Strasters are entitled to a) statutory and actual damages arising from Defendant's violation of the FDCPA and unfair business practices, b) treble damages because the Defendant have acted in bad faith, c) a reasonable attorney's fee under 15 USC 1692k(a)(3) and RCW 19.86.090 and d) injunctive relief forbidding Weinstein and Wells Fargo from attempting to collect charges for the account in question in the future.

ROBERT J. REYNOLDS P.S.
514 North 1st Street Ste. A
Yakima, WA 98901
Tel: 509-453-0313 Fax: 509-453-0314

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays:

1.    For Judgment against Defendants for the actual damages inflicted upon the Strasters which is $1,783.39.

2.    For statutory damages of $1,000 per Defendant for contacting the Plaintiff after it knew that they had representation.

2.    For compensation for attorney fees incurred investigating the legality of Defendants' behavior.

4.    For damages cause by the intentional infliction of emotional distress.

5.    For treble damages, pursuant to RCW 19.86.090, calculated off of the damages determined by the court.

6.    For a reasonable attorney's fee as determined by the court pursuant to 15 USC 1692k(a)(3) and RCW 19.86.090.

7.    For an injunction against Defendants forbidding them from further attempts to collect on the account in question.

Dated this _24_ day of _Aug_ , _2010_ .


_____
Robert J. Reynolds WSBA #5796
Attorney for Plaintiff

ROBERT J. REYNOLDS P.S.
514 North 1st Street Ste. A
Yakima, WA 98901
Tel: 509-453-0313 Fax: 509-453-0314