ROBERT J. REYNOLDS P.S.
514 North 1st Street Ste. A
Yakima, WA 98901
Tel: (509)453-0313
Fax: (509)453-0314

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PAUL STRASTERS and ZADELLE STRASTERS, a married couple,<br><br>Plaintiffs,<br><br>vs.<br><br>WEINSTEIN & RILEY, P.S., a debt collection agency and WELLS FARGO BANK, N.A a nationally chartered bank holding company;<br><br>Defendants. | NO. CV-10-3070-RHW<br><br>PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS |

## INTRODUCTION

The Strasters are seeking relief for wrongful actions that Weinstein & Riley, P.S. (Weinstein) undertook after the completion of the Strasters bankruptcy while collecting a debt which was declared non-dischargeable during the Strasters' bankruptcy. Accordingly, as the Strasters do not allege that Weinstein has violated

the discharge issued by the bankruptcy court, any declaration by the bankruptcy court or provision of the Bankruptcy Code, the Strasters have filed suit under the Federal Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq.* (the FDCPA) and the Washington State Collection Agency Act, RCW 19.16.100 *et seq.* (the WSCAA) as the statutes which govern the behavior at issue.

Ninth Circuit case law holds that when a lawyer attempts to recover money from a debtor on behalf of creditor, whether through collections communication or through litigation, that lawyer meets the definition of a collection agency for purposes of both the FDCPA and the WSCAA. As such, Weinstein does meet the definition of "Collection Agency" and are therefore subject to both the FDCPA and WSCAA.

Additionally, Ninth Circuit case law suggests that if a cause of action is erroneously filed in District Court which should have been filed in Bankruptcy Court the proper course of action is for the District Court to transfer the case over to the Bankruptcy Court rather than dismiss the claim. As such, dismissal in this instance in inappropriate under all of the theories presented by the Defendants.

## ARGUMENT AND AUTHORITES

### A.   Legal Standard Applicable to Defendants' 12(b)(6) Motion to Dismiss.

Ninth Circuit case law holds that a court should not dismiss a complaint under rule 12(b)(6) unless there is no set of facts, if proven, which would support

ROBERT J. REYNOLDS P.S.
514 North 1st Street Ste. A
Yakima, WA 98901
Tel: 509-453-0313 Fax: 509-453-0314

the cause of action alleged by the plaintiff under any "cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Here, the Plaintiffs have pleaded sufficient facts which, if true, would entitle them to recovery under a legitimate legal theory. Namely, the Plaintiffs allege that Weinstein attempted to collect an amount which was not owed. Complaint at 4.1, *Strasters v. Weinstein & Riley P.S. et al.*, No. CV-10-3070-RHW, (E.D.Wash. 2010). This allegation, if proven, is a violation of the FDCPA and the WSCAA and would entitle the Strasters to recovery under both Acts. *See* 15 U.S.C. 1962f(1) and RCW 19.16.250(18).

The facts pleaded to support the Strasters allegation are that as part of the bankruptcy proceeding, the Strasters debt to Wells Fargo was declared non-dischargeable in the amount of $3,000. Complaint at 3.4, *See also* Exhibit "A". Prior to July 30, 2010 the Strasters made payments or received credits amounting to $2,783.39. *Id.* at 3.6-3.9. On July 30, 2010, Weinstein sent a letters meant to collect the sum of $2,000 from the Strasters. *Id.* at 3.10. As $2,000 is grossly in excess of the $216.61 still owing of the $3,000, the additional $1,783.39 would be an amount which Weinstein attempted to collect which was not owed.

However, the Defendants do not attack the factual basis of the complaint in their "Brief in Support of Weinstein & Riley, P.S.' Fed. R. Civ. P. 12(b)(6) Motion to Dismiss" but rather seem to claim that there is no cognizable legal theory under

ROBERT J. REYNOLDS P.S.
514 North 1st Street Ste. A
Yakima, WA 98901
Tel: 509-453-0313 Fax: 509-453-0314

which they might be liable to the Strasters. In support of this contention they claim that the Bankruptcy Code preempts the Strasters claims, although this issue is not a point of settled law. Brief in Support of Weinstein & Riley P.S.' Fed. R. Civ. P. 12(b)(6) Motion to Dismiss at 3 and 7, Strasters v. Weinstein & Riley, P.S. et al., No. CV-10-3070-RHW (E.D.Wash. 2010) (Defendant's Brief). Additionally, they claim that Weinstein is not a collection agency for purposes of the FDCPA and WSCAA. Defendant's Brief at 5. This later contention is directly refuted by Supreme Court and Ninth Circuit holdings and is wholly without merit. Since the Defendants rely on two conclusions of law which are not clearly established, their Motion to Dismiss should be denied.

**B.     Ninth Circuit Case Law Concerning The Exclusivity Of The Bankruptcy Code Only Refer To Alleged Violations Of The Bankruptcy Code.**

The Defendants rely primarily on three cases to support their contention that the Bankruptcy Code preempts the FDCPA and WSCAA in this case. The first case upon which Weinstein relies is *B-Real, LLC v. Chaussee (In re Chaussee)*, 399 B.R. 225 (9th Cir. BAP 2008), in which the debtor alleged that the creditor violated the Bankruptcy Code by filing time-barred proofs of claim. As such the debtor filed an adversarial proceeding alleging a violation of the FDCPA and the WSCAA along with an objection under Bankruptcy Code §502(b)(1). *Chaussee* at 227. The court held that since Congress had enacted laws in the Bankruptcy Code

governing proofs of claims it would violate the Supremacy Clause to allow state law claims to also govern proof of claim disputes. *Id.* at 238.

In *Basset v. Am. Gen. Fin., Inc. (In re Bassett)*, 255 B.R. 747 (9th Cir. BAP 2000), the debtor alleged that the creditor negotiated with her a wrongful reaffirmation agreement. Accordingly, she filed a claim for violation of Bankruptcy Code §524(c)(2) and 524(k) and claimed that this in turn violated the Washington State Consumer Protection Act (CPA). *Basset* at 750. In a line of reasoning which is borrowed in B-Real, the court held that since there were bankruptcy provisions which governed the conduct at issue, Congress intended the bankruptcy provisions to be exclusive. *Id.* at 758.

Finally, the third case upon which the Defendants rely is *Walls v. Wells Fargo Bank, N.A.*, 276 F.3d 502 (9th Cir. 2002), in which the debtor alleged that the creditor violated Bankruptcy Code §524(a) giving rise to a private cause of action. *Walls* at 504. The debtor argued that the appropriate private cause of action was one under the FDCPA. *Id.* The court held that since the debtor alleged violation of Bankruptcy Code §524, the appropriate remedy was to refer the case to the bankruptcy court and allow it to fashion an appropriate remedy under its powers under Bankruptcy Code §105(a). *Id.* at 507.

If this Court should give the Defendants the most favorable reading of these cases, the most that these cases would suggest is that a violation of the Bankruptcy

ROBERT J. REYNOLDS P.S.
514 North 1st Street Ste. A
Yakima, WA 98901
Tel: 509-453-0313 Fax: 509-453-0314

Code does not lead to additional causes of action under other federal or state statutes. However, this conclusion of law on the part of the Defendants is irrelevant to this case as the Bankruptcy Code does not govern the behavior of debt collectors or the methods through which a debt collector collects on a debt.

**C.     A Bankruptcy Does Not Extinguish Debtor Rights To Invoke Statutory Remedies On Reaffirmed Or Non-Dischargeable Debts.**

The Defendants argue that any wrongful conduct which occurs in the context of a bankruptcy case is exclusively covered by the Bankruptcy Code. However, the Defendants leave undefined what the context of a bankruptcy means. Considering that the Plaintiffs allege that the wrongful action occurred after the conclusion of the bankruptcy on a debt which was not discharged in the bankruptcy, the only logical conclusion is that the Defendants argue that if a debtor enters bankruptcy then all debts of that debtor are forever after under the exclusive jurisdiction of the Bankruptcy Code and the bankruptcy court. Thus any action relating to any of these debts must be brought in bankruptcy court and are not subject to any state or federal laws.

However, this contention is wholly without merit. The Bankruptcy Code itself refutes this contention. As a result of a bankruptcy proceeding, the debts of the bankrupt person are broken into three categories: discharged debts, non-dischargeable debts and reaffirmed debts. *See* Bankruptcy Code §523, §524(a) and

ROBERT J. REYNOLDS P.S.
514 North 1st Street Ste. A
Yakima, WA 98901
Tel: 509-453-0313 Fax: 509-453-0314

§524(c), 11 U.S.C. 523, 524(a) and 524(c). The Bankruptcy Code tells us the legal effect of both discharged debts and reaffirmed debts but does not specify the legal status of non-dischargeable debts vis-à-vis the bankruptcy proceeding. A discharged debt carries with it an injunction under Bankruptcy Code §524(a)(3) which forbids creditors from attempting to collect that debt in the future. Bankruptcy Code §524(c) states that a reaffirmed debt is subject to the applicable non-bankruptcy laws. In deciding how to treat a non-dischargeable debt the Court should ask whether a non-dischargeable debt is more similar to a reaffirmed debt or a discharged debt. Since common sense dictates that any debt which needs to be repaid after bankruptcy should be treated the similarly, a non-dischargeable debt should be treated similarly to a reaffirmed debt, meaning it is subject to the applicable non-bankruptcy laws.

Furthermore, it is unlikely that Congress intended to make the Bankruptcy Code a shield for bad behavior on the part of debt collectors who tried to collect on non-dischargeable debts or even debts that were discharged. Should a debt collector be allowed to call an individual in the middle of the night without repercussions simply because the individual declared bankruptcy? Should a debt collector be allowed to call an individual's employer or friends and talk to them about the individual's debts regardless of the individual's bankruptcy status? Should a debt collect be able to misrepresent the amount of debt an individual

owes on a non-discharged debt without penalty because a bankruptcy court declared the debtor must repay a certain debt? It would be bizarre if Congress intended the bankruptcy code to give debt collectors a carte blanche to do whatever they pleased to collect a non-dischargeable debt. Since this was obviously not the intension of Congress, the FDCPA and WSCAA must be applicable to non-dischargeable debts.

### D. Weinstein & Riley Are Debt Collectors Under The Definitions Of Both The FDCPA And The WSCAA.

Defendants claim that lawyers are not governed by the WSCAA through an unduly narrow reading of RCW 19.16.100(3)(c) and through ignoring RCW 19.16.100(2)(a). RCW 19.16.100(2)(a) set forth the definition of a debt collector as, "Any person directly or indirectly engaged in soliciting claims for collection, or collecting or attempting to collect claims owed or due or asserted to be owed or due another person." This definition clearly includes Weinstein as litigation is a direct means of collecting a claim due to a third party. However, Weinstein asserts that since they are a law firm they are exempt from this provision because of RCW 19.16.100(3)(c) the full text of which reads:

> Any person whose collection activities are carried on in his, her, or its true name and are confined and are directly related to the operation of a business other than that of a collection agency, such as but not limited to: Trust companies; savings and loan associations; building and loan associations; abstract companies doing an escrow business; real estate brokers; property management companies collecting assessments, charges, or fines on behalf of condominium unit owners

ROBERT J. REYNOLDS P.S.
514 North 1st Street Ste. A
Yakima, WA 98901
Tel: 509-453-0313 Fax: 509-453-0314

associations, associations of apartment owners, or homeowners' associations; public officers acting in their official capacities; persons acting under court order; lawyers; insurance companies; credit unions; loan or finance companies; mortgage banks; and banks.

A simple reading of this provision suggests that the exemption applies to businesses which are attempting to collect on account receivables. Furthermore, Ninth Circuit case law has held that for purposes of the WSCAA a law firm attempting to collect on a debt on behalf of its clients through litigation counts as a debt collection agency. *LeClair v. Suttell and Associates, P.S.*, 2010 WL 417418 at 6 (W.D.Wash 2010). Thus Weinstein is not a debt collector when it is trying to recover attorney fees from its clients, but it is a debt collector when it is attempting to collect a debt on behalf of its clients.

Furthermore, Defendants' claim that Wells Fargo should have no liability to the Strasters because it is a bank also misses the mark. The Strasters claim against Wells Fargo is not based upon whether Wells Fargo is a collection agency. Instead, the Strasters have alleged that Wells Fargo has violated RCW 19.86.020 by using Weinstein to attempt to collect an amount which is not owed.

**E. Plaintiffs FDCPA Claim Is Not Time Barred As the Alleged Violation Occurred Within One Year From The Date Of Filing The Claim.**

Defendants rightly claim that the statute of limitations on the FDCPA is one year. 15 U.S.C. §1692k(d). In the Strasters complaint there is only one date

relevant to this action, July 30, 2010. On this date Weinstein contacted the Strasters, after the Strasters had communicated that they had a lawyer representing them, and attempted to collect $1,783.39 more than the Strasters owed. As such none of the Strasters claims are time barred.

## CONCLUSION

Plaintiffs allege that Defendants violated the FDCPA and WSCAA while collecting a debt which was declared non-dischargeable. Non-dischargeable debt should be governed by applicable non-bankruptcy law pursuant to Bankruptcy Code §524(c). As such, Plaintiffs sufficiently state a claim within their complaint. Therefore, Plaintiffs respectfully request that Defendants' motion to dismiss be denied.

Dated this 8th day of Dec, 2010.

Robert J. Reynolds WSBA #5796
Attorney for Plaintiff

ROBERT J. REYNOLDS P.S.
514 North 1st Street Ste. A
Yakima, WA 98901
Tel: 509-453-0313 Fax: 509-453-0314

RECEIVED: 01/02/2007 05:05:23 PM

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WASHINGTON
# AT SPOKANE

In re:

Paul P. Strasters and Zadelle C. Strasters,

    Debtors.

Wells Fargo Bank, N.A.,

    Plaintiff,

v.

Paul P. Strasters and Zadelle C. Strasters,

    Defendants.

BK No. 06-00235-FLK

ADV. NO. 06-80092

**ORDER AND JUDGMENT OF NONDISCHARGEABILITY**

Based upon the Stipulation of the Parties, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. The sum of **$3,000.00** owed by Defendants to Plaintiff is found to be nondischargeable and Plaintiff is granted judgment against Defendants in this amount.

   a. The non-discharged sum of **$3,000.00** shall be paid as follows: From the trustee's distribution to unsecured creditor, Wells Fargo Bank and

   b. After the final distribution from the trustee, the balance of the judgment amount shall be paid at the rate of **$100.00 per month until paid in full.** The remaining payments shall be due on the 15th of each month thereafter. While not in default, such principal shall not bear interest.

2. Payments are to be made to:

**Accounts Receivable**
**Attn: Wells Fargo Bank, N.A.**
**WEINSTEIN & RILEY, P.S.**
**2101 Fourth Avenue, #900**
**Seattle, WA 98121**
**INCLUDE ACCOUNT NUMBER ON PAYMENTS**

Plaintiff or its agents may send monthly bills and invoices as a courtesy reminder to Defendants.

3. In the event Defendants default in payments, Plaintiff shall be entitled to declare the entire remaining balance, plus any interest, immediately due and payable, together with Plaintiff's reasonable attorneys' fees and costs incurred.

4. If Defendants fail to make any payment as agreed, the remaining principal balance shall bear interest at twelve percent (12%) per annum until paid or otherwise satisfied. However, no interest will accrue so long as payments are kept current.

5. Plaintiff will refrain from pursuing its rights under this agreement so long as Defendants continue to make payment on a regular, timely basis. If Defendants default, however, Plaintiff shall have the right to pursue any legally available remedy without further notice.

6. The parties shall pay their own attorney fees and costs in this matter.

Submitted by:

/s/ Lisa M. Shank
Lisa M. Shank, Bar #35872
Attorney for Plaintiff

1/2/07
Date

1  /s/ Robert J. Reynolds                    12/29/06
   Robert J. Reynolds, Bar # 5796            Date
2  Attorney for Defendants

3  cc:   Lisa M. Shank
         Robert J. Reynolds

[Signature]
Frank L. Kurtz
Bankruptcy Judge
01/16/2007 04:32:47 PM

Page 3 – JUDGEMENT OF NONDISCHARGEABILITY
XXXXXX0856.

06-80092-FLK   Doc 25   Filed 01/16/07   Entered 01/17/07 11:55:59   Pg 3 of 3

EXHIBIT A