UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PAUL STRASTERS and ZADELLE STRASTERS,<br><br>    Plaintiffs,<br><br>    v.<br><br>WEINSTEIN & RILEY, P.S. and WELLS FARGO BANK, N.A.,<br><br>    Defendants. | NO. CV-10-3070-RHW<br><br>**ORDER DENYING DEFENDANTS' MOTION TO DISMISS** |

Before the Court is Defendants' Motion to Dismiss (Ct. Rec. 8), on which the Court heard telephonic argument on December 16, 2010. At the hearing, the Court denied Defendants' Motion to Strike (Ct. Rec. 13).

The Complaint in this matter alleges that Plaintiffs filed for bankruptcy on February 14, 2006, and eventually stipulated to an Order and Judgment of Non-Dischargeability in Defendant Wells Fargo's favor in the amount of $3,000, with payment to be handled through a trustee who Plaintiffs would pay $100 per month (Ct. Rec. 1). The Complaint further alleges that Defendants failed to honor this agreement and contacted Plaintiffs directly (not through counsel) seeking payment on the debt. Plaintiffs allege that they then filed a Motion for Sanctions, and that Defendant Weinstein agreed to reduce the principal of the debt by $1,000 as consideration for dismissing the claim. Plaintiffs allege that they then made several payments and believed the debt was paid in full; however, Defendant Weinstein directly contacted Plaintiffs again claiming that they still owed $2,000. Plaintiffs allege that this conduct violated the Fair Debt Collection Practices Act ("FDCPA")

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS** * 1

and the Washington Consumer Protection Act ("CPA").

## Standard of Review

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroftt v. Iqbal*, — U.S. —, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The Court must treat the complaint's factual assertions as true, but that tenet is inapplicable to legal conclusions. *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 1950.

## Analysis

1. *Federal Claim*

In support of its first argument for dismissal, Defendants rely primarily on *B-Real, LLC v. Chaussee (In re Chaussee)*, 399 B.R. 225 (9th Cir. BAP 2008). There, the Bankruptcy Panel held that a debtor's claims of FDCPA and CPA violations were preempted by the Bankruptcy Code. The debtor originally filed her claims in bankruptcy court in response to a collection agency's filing of two unsecured proofs of claim in the debtor's pending bankruptcy action. The debtor also filed an objection to the collection agency's claims; that objection was sustained and the claims were disallowed. The collection agency moved to dismiss the FDCPA and CPA claims, arguing that the objection process under the Bankruptcy Code was the debtor's sole remedy. The Circuit's Bankruptcy Panel agreed: "the Code preempts substantive state law claims and remedies for alleged misconduct that occurs in connection with a bankruptcy case." *Id.* at 232. The Circuit went on to hold that the Code preempted the debtor's FDCPA claim based on the filing of a proof of claim in a bankruptcy case. *Id.* at 237.

*Chaussee* also considered a Seventh Circuit case that the Court finds much closer to the facts here: *Randolph v. IMBS, Inc.*, 368 F.3d 726 (7th Cir. 2004). In

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS** * 2

*Randolph*, a debtor claimed that she was directly contacted by a collection agency to collect a debt listed on a Chapter 13 bankruptcy plan to be paid over time. *Id.* at 728. The collection agency had not participated in the bankruptcy proceeding and apparently was unaware that the proceeding had occurred and that the debtor was represented by counsel. The debtor alleged that the collection agency violated the FDCPA in two respects: (1) by falsely claiming that the debtor was required to pay in full immediately; and (2) by writing directly to the debtor, even though she was represented by counsel. *Randolph* reversed a lower court decision holding that the Bankruptcy Code provided the exclusive remedy, holding instead that the Code and the FDCPA overlapped and that the debtor's FDCPA claims were legally cognizable. *Id.* at 733.

*Chaussee* declined to follow *Randolph*, but did so by carefully distinguishing the case factually: "Unlike in *Randolph*, where the debtor's claim against the creditor was based upon the creditor's actions taken after conclusion of the bankruptcy case, the purported FDCPA violation targets B-Real's act of filing a proof of claim in the pending bankruptcy case. Application of the FDCPA to this conduct would certainly conflict with the Code." 399 B.R. at 237. *Chaussee* did not discuss whether the Ninth Circuit might adopt *Randolph*'s reasoning in another context, but instead limited its holding to the facts before it.

Defendants rely on *Chaussee* to argue that Plaintiffs' claims are preempted because they "allege wrongful conduct which occurred in the context and confines of a bankruptcy case" (Ct. Rec. 8-1, p. 5). However, that language highlights the critical factual distinction between this case and *Chaussee*: there, the debtor filed her CPA and FDCPA claims in response to a collection agency's filing of proofs of claim *in the debtor's pending bankruptcy proceeding*. That is wholly different from the facts here, which are instead functionally identical to those in *Randolph*: Plaintiffs allege that Defendants, functioning as collection agencies, directly contacted Plaintiffs after a bankruptcy proceeding had terminated, and falsely

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS** * 3

claimed that Plaintiffs owed additional funds. *Randolph* holds that those allegations do state a claim upon which relief can be granted.

Defendants also cite a case which is discussed at length in *Chaussee*: *Walls v. Wells Fargo Bank, N.A.*, 276 F.3d 502 (9th Cir. 2002). There, a chapter 7 debtor brought an FDCPA claim against a creditor who foreclosed on her house after the debtor stopped making payments on a debt that had been discharged in the debtor's bankruptcy case. The Circuit held that there was no private right of action under the Bankruptcy Code, that the Code precluded any claims under the FDCPA, and that the debtor's sole remedy was contempt under the Bankruptcy Code, 11 U.S.C. § 524. A district court in California followed *Walls* and rejected *Randolph* where a debtor alleged that collection agencies attempted to collect on a discharged debt. *Goad v. MCT Group*, 2009 WL 4730905 (S.D. Cal. 2009) (unpublished).

Plaintiff attempts to distinguish *Walls* by pointing out that the debt in question here, to Defendant Wells Fargo, was *not* discharged in Plaintiffs' bankruptcy. The Court agrees: that fact is a critical distinction that supports denial of the motion to dismiss. The Bankruptcy Code specifically provides an injunction for discharged debts, which subjects creditors who attempt to collect that debt to contempt. 11 U.S.C. § 524(a)(3). That is the basis of the holding in *Walls*: that future misconduct by a creditor with respect to a *discharged* debt must be redressed through the Bankruptcy Code alone.

Thus, each of the cases Defendants cite are distinguishable. This is not like *Chaussee* or *MSR Exploration*, which involved proofs of claim filed in pending bankruptcy proceedings. This is not like *Bassett*, which involved alleged violations of a reaffirmation agreement under 11 U.S.C. § 524. This is not like *Walls*, which involved alleged misconduct in the collection of a debt discharged under 11 U.S.C. § 524. Here, Plaintiffs did not discharge the debt under § 524, and they do not allege that Defendants have violated any provision of the Bankruptcy Code. This case is much closer to *Randolph*, and the Court finds that same analysis applicable

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS**\* 4

here. Although the Ninth Circuit has not yet accepted *Randolph*, it has never dealt with the kind of facts involved in *Randolph* and our case here.

Defendants' final argument with respect to the FDCPA claim is that it is barred by a one-year statute of limitations. However, as both parties agree, the sole date of misconduct alleged in the Complaint is July 30, 2010, and the Complaint was filed on September 8, 2010. Accordingly, the statute of limitations does not bar this claim.

Therefore, the Court declines to dismiss Plaintiffs' FDCPA claim.

   *2.     State Law Claim*

Defendants' primary argument here is that Defendants are not "collection agencies" as defined in the CPA as a matter of law. No factual record has been developed which could change the analysis.

The Complaint alleges that Defendant Weinstein functioned as a collection agency under state law, and that Defendant Wells Fargo violated the CPA by using Defendant Weinstein to collect an amount that was not owed. Washington State law exempts from the definition of a collection agency "[a]ny person whose collection activities are carried on in his, her, or its true name and are confined and are directly related to the operation of a business other than that of a collection agency, such as... lawyers." RCW 19.16.100(3)(c).

Defendants cite *Hobbs v. Deutsche Bank Trust Co. America's FKA*, 122 Wash. App. 1058 (Wash. App. Div. 1 2004). There, a homeowner moved to set aside a trustee's sale of her house as void by arguing that the lenders who profited from the sale lacked standing to oppose her motion because the law firm that represented them was a third party debt collector without a license. The Court of Appeals rejected this argument, noting that "lawyers are exempted from the licensing requirements for collection agencies" under RCW 19.16.100. Defendants also cite a companion case, *LaSalle Nat. Bank v. Hobbs*, 122 Wash. App. 1058 (Wash. App. Div. 1 2004), which notes in dicta that the same law firm, Bishop,

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS**\* 5

was exempt from licensing requirements. Finally, Defendants cite *Trust Fund Serv. v. Aro Glass Co.*, 89 Wash. 2d 758, 761-62 (Wash. 1978), which held that a non-profit corporation set up by a law firm to collect debts related to the firm's business was not a collection agency.

Plaintiffs read RCW 19.16.100(3)(c) differently, arguing that "the exemption applies to businesses which are attempting to collect on account receivables." In support, Plaintiffs cite *LeClair v. Suttell and Assoc.*, 2010 WL 417418, *6 (W.D. Wash. 2010). *LeClair* distinguishes between law firms who act to collect debts owed directly to them and law firms who collect debts on behalf of another, finding that only the former are exempt under RCW 19.16.100. This is consistent with an earlier Western District case reaching the same result, *Semper v. JBC Legal Group*, 2005 WL 2172377 (W.D. Wash. 2005). Neither case is published.

The Court agrees with *LeClair*, *Semper*, and Plaintiffs' reading of the statute. The language exempts entities whose collection activities "are confined and are directly related to the operation of a business other than that of a collection agency." RCW 19.16.100(3)(c). That clearly would encompass a law firm acting to collect its own debts, as in *Trust Fund*, 89 Wash. 2d at 761-62, but not a firm seeking to collect another's debts. Neither *Hobbs* case Defendants cite is precisely on point, neither examines the distinction highlighted in *LeClair* and *Semper*, and the second *Hobbs* case offers only dicta on this issue. The Court finds the Western District cases are persuasively reasoned and consistent with the statutory language. Therefore, the Court will follow them and decline to dismiss Plaintiffs' state law claim as well.

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendants' Motion to Dismiss (Ct. Rec. 8) is **DENIED.**
2. Defendants' Motion to Strike (Ct. Rec. 13) is **DENIED.**

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and forward copies to counsel.

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS**\* 6

1 **DATED** this 21st day of December, 2010.

    *s/Robert H. Whaley*
    ROBERT H. WHALEY
    United States District Judge

Q:\CIVIL\2010\Strasters\denydismiss.ord.wpd

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS**\* 7