ROBERT J. REYNOLDS P.S.
514 North 1st Street Ste. A
Yakima, WA 98901
Tel: (509)453-0313
Fax: (509)453-0314

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PAUL STRASTERS and<br>ZADELLE STRASTERS,<br>a married couple,<br><br>      Plaintiffs,<br><br>      vs.<br><br>WEINSTEIN & RILEY, P.S.,<br>a debt collection agency;<br><br>      Defendants. | NO. CV-10-3070-RHW<br><br>PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

## INTRODUCTION

On May 6, 2011, Weinstein & Riley, P.S. (W&R) moved for summary

judgment in this case based upon the argument that Paul and Zadelle Strasters (the

Strasters) and Wells Fargo Bank N.A. (Wells Fargo) have negotiated a universal

settlement in this case. However, W&R is fully aware that this is not true. W&R

is not a party to the contract. W&R did not give Wells Fargo's attorneys authority

to negotiate a settlement agreement. W&R was never the attorneys for Wells

ROBERT J. REYNOLDS P.S.
514 North 1st Street Ste. A
Yakima, WA 98901
Tel: 509-453-0313 Fax: 509-453-0314

1  Fargo in the above entitled case. And finally, the Strasters have consistently

2  referred to W&R as debt collectors rather than as attorneys. As such, W&R's

3  motion is the height of frivolity, wholly without merit and meant to cause

4  annoyance to the Plaintiffs and waste judicial resources.

## ARGUMENT AND AUTHORITES

5

6  **A.    Legal Standard Applicable To Defendant's Motion For Summary**

7  **Judgment.**

8        The sole consideration in a summary judgment is whether the

9  pleadings, affidavits and other relevant documents demonstrate that there is no

10 genuine issue of material fact. FRCP 56(a). If there is no genuine issue of

11 material fact then the movant is entitled to a judgment as a matter of law.

12       As this motion is about whether the contract between the Strasters and Wells

13 Fargo also extinguished the Strasters claim against W&R, the only material issue is

14 one of contractual interpretation. Contract interpretation is a question of law.

15 *Cachil Dehe Band of Wintun Indians of the Colusa Indian Community v.*

16 *California*, 618 F.3d 1066, 1070 (9th Cir. 2010).

17

18

19

ROBERT J. REYNOLDS P.S.
514 North 1st Street Ste. A
Yakima, WA 98901
Tel: 509-453-0313 Fax: 509-453-0314

**B.      The Rule Of Contractual Interpretation Dictate That Weinstein &**

**Riley, P.S.'s Argument Must Be Rejected.**

This settlement agreement is governed by the laws of Washington.  See

Exhibit "A" at 3.  Under Washington law, "the touchstone of the interpretation of

contracts is the intent of the parties." *Scott Galvanizing, Inc. v. Nw.*

*EnviroServices, Inc.,* 120 Wash.2d 573, 580 (Wash. 1993).  Accordingly, issues of

contractual interpretation only arise when the parties to the contract have differing

interpretations of the contract.  This contract only has two parties as is explicitly

stated on the first page. *Strasters v. Weinstein & Riley P.S.,* ECF No. CV-10-3070-

RHW Docket Number 41 Exhibit "A".  The only parties to the contract are the

Strasters and Wells Fargo.  Hence, the only relevant intentions as to the

interpretation of the contract are those of the Strasters and Wells Fargo.

If Wells Fargo had intended for the settlement agreement to cover W&R it

seems unlikely that Wells Fargo would have drafted a Stipulation of Dismissal

which excluded W&R from dismissal. *Strasters v. Weinstein & Riley P.S.,* ECF

No. CV-10-3070-RHW Docket Number 30.  Furthermore it is far from clear that if

W&R did think it was a party at the time of the settlement agreement why it would

sign a Stipulation of Dismissal which did not include itself as a party. *Id.*  Finally,

W&R has produced no affirmative evidence that Wells Fargo did intend to include

W&R in the settlement agreement.

1    W&R's fanciful interpretation of the contract is irrelevant. Indeed, W&R

2    has not provided even a shred of legal precedent to support its disingenuous and

3    novel claim that it has the right to enforce a self-interested interpretation of a

4    contract to which it is not a party. If a legal rule were accepted that a un-named

5    hypothetical third party to a contract had the right to sue to enforce its own

6    interpretation of the contract, the whole law of contract would be thrown into

7    disarray. As such there is no legal or equitable basis on which W&R's argument

8    can be maintained.

9

10    **C.    Weinstein & Riley P.S. Is Not Wells Fargo's Attorney.**

11    Contrary to W&R's assertion that there is no dispute over whether W&R is

12    Wells Fargo attorney, the very fact that Lane Powell made an appearance as Wells

13    Fargo's attorney is irrefutable evidence that W&R is not Wells Fargo's attorney for

14    purposes of this lawsuit. Additionally, the Strasters have consistently claimed that

15    W&R is a debt collector for purposes of this lawsuit. Also, it is undisputed that

16    under the FDCPA, W&R are debt collectors. Essentially, W&R is arguing that

17    because it considers itself as Wells Fargo's law firm rather than as Wells Fargo's

18    debt collector that the Strasters must also by law consider W&R Wells Fargo's law

19    firm. In addition to the fact that this argument is unable to be supported by any

ROBERT J. REYNOLDS P.S.
514 North 1st Street Ste. A
Yakima, WA 98901
Tel: 509-453-0313 Fax: 509-453-0314

1   legal precedent, such an argument does not even maintain a purely sophistic

2   appeal.

3

4   **D.    Accepting Weinstein & Riley P.S.'s Argument Would Discourage**

5   **Settlements.**

6       W&R posits that federal case law favors settlement agreements and their

7   general enforceability.  It then argues that this policy would be best served by

8   judicially rewriting settlement agreements between certain parties to a lawsuit to

9   include all parties to the lawsuit.  This practice would instead have a deleterious

10  effect on settlement agreements.  First, no settlement agreement would be final

11  since any third party could potentially read itself into the terms.  This would result

12  in a good deal of frivolous, harassing and needlessly expensive litigation.

13      Second, any potential settlement would be held hostage by one recalcitrant

14  party.  Thus even if one of the defendants felt that a particular settlement

15  agreement is attractive and is willing to pay half of the amount demanded, no

16  plaintiff would accept this knowing he would then forfeit his full recovery since

17  the remaining defendant would allege "settlement" and "double recovery".  Thus

18  reasonable defendants would be forced to incur much greater attorney fees to

19  subsidize the whims or obstinacy of their co-defendants.  This is not an equitable

20  situation and as such Defendant's motion should be denied in its entirety.

1

## CONCLUSION

2

3    Defendant has requested that this Court throw out well established rules of

4    contractual construction in favor of adopting new rules under which an un-named

5    third party to a contract can sue at court to reinterpret a contract to create legal

6    rights against one of the parties.  Furthermore, Defendant does not cite even one

7    case which might even suggest that such an argument has any merit.  As such

8    Defendant has willfully engaged in an unnecessary and onerous legal proceeding

9    solely for the purpose of harassing the Plaintiff and wasting judicial resource.  As

10   such, Defendant's motion should be denied and Defendant should be sanctioned.

11

12       Dated this _16_ day of _June_ , _2011_.

13

14

15                                    _Robert J Reynolds_
16                                    Robert J. Reynolds WSBA #5796
17                                    Attorney for Plaintiff

ROBERT J. REYNOLDS P.S.
514 North 1st Street Ste. A
Yakima, WA 98901
Tel: 509-453-0313 Fax: 509-453-0314