JASON D. ANDERSON
WEINSTEIN & RILEY, P.S.
2001 Western Avenue Suite 400
Seattle, WA 98121
Tel: 206-269-3490
Fax: 206-269-3493

## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF WASHINGTON

PAUL STRASTERS and ZADELLE
STRASTERS, a married couple,

    Plaintiffs

v.

WEINSTEIN & RILEY, P.S. and
WELLS FARGO BANK, N.A. a
nationally chartered bank
holding company;

    Defendants.

CASE NUMBER: CV-10-3070-RHW

WEINSTEIN & RILEY, P.S.' REPLY
BRIEF IN SUPPORT OF ITS MOTION
FOR SUMMARY JUDGMENT

### REPLY BRIEF IN SUPPORT OF WEINSTEIN & RILEY, P.S.' MOTION FOR SUMMARY JUDGMENT

COMES NOW, Weinstein & Riley, P.S. ("W&R"), Defendant in the above-styled and numbered action"), who hereby files this reply in support of its motion for summary judgment and would respectfully show the following:

### I.   INTRODUCTION

Washington case law regarding contracts is clear: a contract means what it says. The contract at issue here is a settlement agreement whereby Plaintiffs were paid for their

claims and released Defendant W&R.   No interpretation is necessary.

Furthermore, Plaintiffs filed their response brief 20 days beyond the filing deadline, and as such, the brief should be stricken and/or treated as consent to Defendant W&R's motion for summary judgment. *See* Motion to Strike (Dkt # 50).

Based on the relevant principles of contractual interpretation, and the Plaintiffs' repeated failure to adhere to this Court's local rules, W&R should prevail on its motion and have summary judgment rendered in its favor.

## II.   ARGUMENT AND AUTHORITIES

A.   WASHINGTON FOLLOWS THE OBJECTIVE THEORY OF CONTRACT INTERPRETATION, AND THE CONTRACT IN THIS CASE RELEASES W&R FROM LIABILITY.

What is clear is that the settlement agreement in this case includes Wells Fargo and its attorneys.   *See* Dkt# 41 Exhibit "A".   Plaintiffs spend their response brief arguing "intent," but fail to apply the proper rules in doing so.

The objective theory of contract interpretation is the law in Washington.   Under this approach, a court must attempt to ascertain the intent of parties to a contract from the ordinary meaning of the words within the contract, and not from the parties "unexpressed subjective intent." *Hearst Commc'ns, Inc. v. Seattle Times Co.*, 154 Wn.2d 493, 503, 115 P.3d 262 (2005).

A contract is only ambiguous if it is susceptible to more than one reasonable interpretation. *Quadrant Corp. v. Am. States Ins. Co.*, 154 Wn.2d 165, 171, 110 P .3d 733 (2005).

The settlement agreement attached as Exhibit "A" to W&R's motion for summary judgment speaks for itself. The parties released from liability include Wells Fargo and its attorneys. It cannot be disputed that W&R is one of Wells Fargo's attorneys; in fact, this entire case is predicated on actions taken by W&R during the course of its representation of Wells Fargo. *See* Complaint at 3 (dkt# 1).

Under the objective theory of contract interpretation, a contract means what it says. The contract at issue here, the settlement agreement, says that Wells Fargo and its attorneys are released from liability in exchange for payment to the Plaintiffs to release their claims. W&R are attorneys for Wells Fargo. Therefore, W&R is objectively covered under the settlement agreement. As stated in *Hearst*, the unexpressed subjective intent of the parties is not a relevant inquiry in this situation. 154 Wn.2d 493.

**B. DOUBLE-RECOVERY OF DAMAGES IS PROHIBITED.**

Even if the settlement agreement did not apply, which it does under the objective theory of contractual interpretation, W&R reiterates its argument that any additional recovery by

Plaintiffs is prohibited by law.  *See Eagle Point Condo. Owners Ass'n v. Coy*, 102 Wn.App. 697, 702, 9 P.3d 898 (2000); *California v. Chevron Corp.*, 872 F.2d 1410, 1414 (9th Cir. 1989); *EEOC v. Waffle House, Inc.*, 534 U.S. 279, 297, 122 S.Ct. 754, 151 L.Ed.2d 755 (2002).

It is undisputed that this entire case stems from one letter sent to Plaintiffs on July 30, 2010.  It is also undisputed that Plaintiffs were paid compensation pursuant to a settlement agreement for their claims.  Plaintiffs now want to peel off the same claim that was settled against Wells Fargo and double-dip by pursuing it against W&R, all while incurring additional attorney's fees while doing so (thus increasing the value of their case).

Any claims held by Plaintiffs as a result of the July 30, 2010 were released upon settlement.  Permitting a second recovery would be contrary to both law and equity.

### III. <u>CONCLUSION</u>

In Washington, contracts mean what they say.  The contract here, the settlement agreement resolving this case, states that Wells Fargo and its attorneys are released from liability.  W&R is undisputedly an attorney for Wells Fargo and therefore is released from liability in exchange for the payment made to Plaintiffs.

Even if the contract did not apply, Plaintiffs have already been compensated for their claims.  Seeking another bite at the same apple is contrary to established principles of law. Plaintiff's position of "one letter, two recoveries" does not comport with existing law.

Lastly, Plaintiffs' response was filed 20 days past its due date, and should be stricken or treated as consent to the entry of an order dismissing this case.

For all of the above reasons, Summary Judgment should be entered in favor of Defendant W&R.

### IV.   <u>PRAYER</u>

WHEREFORE, for the foregoing reasons, Defendant Weinstein & Riley, P.S. respectfully requests the following:

1. That Defendant's Motion for Summary Judgment be granted in its entirety; and

2. For such other and further relief, both at law and in equity, to which Defendant may be justly entitled.


Dated: June 21, 2011

Respectfully Submitted,


_s/ Jason D. Anderson_____
Jason D. Anderson
Washington State Bar # 38014
Weinstein & Riley, P.S.
2001 Western Avenue Suite 400
Seattle, WA 98121

```
(206)-269-3490
(206)-269-3493 (fax)
Attorney for Defendant Weinstein &
Riley, P.S.
```

## CERTIFICATE OF SERVICE

The undersigned certifies that on June 21, 2011, a copy of the foregoing was electronically transmitted to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

```
Robert J. Reynolds
Robert J. Reynolds, P.S.
514 North 1st Street Suite A
Yakima, WA 98901
Tel: 509-453-0313
Fax: 509-453-0314
Email: reynoldsrobertrj@qwestoffice.net
Attorney for Plaintiffs Paul and Zadelle Strasters
```

By:__s/Jason D. Anderson__