```
ROBERT J. REYNOLDS P.S.
514 North 1st Street Ste. A
Yakima, WA 98901
Tel: (509)453-0313
Fax: (509)453-0314
```

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PAUL STRASTERS and ZADELLE STRASTERS, a married couple, <br><br> Plaintiffs, <br><br> vs. <br><br> WEINSTEIN & RILEY, P.S., a debt collection agency and WELLS FARGO BANK, N.A a nationally chartered bank holding company; <br><br> Defendants. | NO. CV-10-3070-RHW <br><br> PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO STRIKE |

Defendant's Motion to Strike should be denied as misguided. First, Defendant asserts that the response was due on May 27, 2011 and is formally and technically correct. However, Defendant fails to inform the court that this day was the day after the mediation hearing. Thus, believing that Defendant requested the mediation hearing in good faith, Plaintiffs did not begin work on their response to

summary judgment until the mediation hearing failed to reach a satisfactory conclusion. Plaintiffs did not anticipate that Defendant was using the mediation hearing as a trap to prevent pleading in the summary judgment matter.

Second, Plaintiffs were awaiting responses to their discovery requests which were first submitted to Defendant around November 16, 2010. It seemed reasonable that since a Motion for Summary Judgment is highly fact intensive that Plaintiffs should be entitled to discovery prior to responding to it. However, Plaintiffs wanted to ensure that Defendant had adequate notice of its objection to the motion and thus submitted its response despite a lack of discovery.

Third, Plaintiffs' Brief in Opposition to Summary Judgment was primarily one of fact, not law. Even if the Brief should be stricken "Ninth Circuit precedent bar district courts from granting summary judgment simply because a party fails to file an opposition or violates a local rule." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258 (9th Cir. 2010). Additionally, a district court is "obligat[ed] to analyze the record to determine whether any disputed material fact [is] present." *Id.* Indeed, the only reason Defendant might have submitted its Motion to Strike is in hopes that this Court would then assume that its unsupported assertion that the parties to the settlement agreement intended it to include Defendant. However, there is ample evidence that this is not the case.

1 | Defendant's sole assertion in the Motion for Summary Judgment is that it is undisputed that at least Wells Fargo intended Weinstein & Riley to be a beneficiary of the settlement agreement. However, Weinstein & Riley have not produced an affidavit or any other document which supports this. As such there is no need for Plaintiffs to even respond to this motion as it is unsupported and there is clearly a disputed fact.

## CONCLUSION

Defendant's Motion to Strike is irrelevant to whether summary judgment should be granted. Defendant has not produced clear and convincing evidence that the parties to the settlement agreement intended Weinstein & Riley to be released from the lawsuit. Ninth Circuit precedent requires that a district judge consider this regardless of whether Plaintiffs respond or not.

Dated this 27th day of June, 2011.

Robert J. Reynolds WSBA #5796
Attorney for Plaintiff

```
1  ROBERT J. REYNOLDS P.S.
2  514 North 1st Street Ste. A
3  Yakima, WA 98901
4  Tel: (509)453-0313
5  Fax: (509)453-0314
6
7
8
9
10           UNITED STATES DISTRICT COURT
11            EASTERN DISTRICT OF WASHINGTON
12
13  PAUL STRASTERS and              )
14  ZADELLE STRASTERS,              )
15  a married couple,               )
16                                  )
17         Plaintiffs,              )   NO. CV-10-3070-RHW
18                                  )
19      v.                          )   CERTIFIED STATEMENT
20                                  )   OF TRANSMITTAL
21  WEINSTEIN & RILEY, P.S.,        )
22  a debt collection agency;       )
23                                  )
24         Defendants.              )
25  _____  )
26
27              Certificate of Service
```

The undersigned certifies that on June 27, 2011, a copy of the attached document was electronically transmitted to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

        Jason D. Anderson
        jasona@w-legal.com

1
2
3
4
5

By: s/ Robert J. Reynolds
Robert J. Reynolds WSBA #5796
Attorney for Plaintiff

ROBERT J. REYNOLDS P.S.
514 North 1st Street Ste. A
Yakima, WA 98901
Tel: 509-453-0313 Fax: 509-453-0314