UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

PAUL STRASTERS and ZADELLE STRASTERS,

    Plaintiffs,

    v.

WEINSTEIN & RILEY, P.S.

    Defendant.

NO. CV-10-3070-RHW

**ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT,** *INTER ALIA*

There are several outstanding motions in this case. The Court heard telephonic argument on July 20, 2011. Robert Reynolds appeared on behalf of Plaintiffs; Jason Anderson represented Defendant. The Court's ruling on the pending motions is as follows.

## **BACKGROUND**

In 2006, Plaintiffs filed for bankruptcy protection from their various creditors, including Wells Fargo Bank. Weinstein & Riley ("Defendant") initiated an adversary proceeding on behalf of Wells Fargo; the parties eventually settled the claim. Plaintiffs agreed to pay a lump sum through the bankruptcy trustee and satisfy the remainder in monthly installments. The bankruptcy court issued an order discharging Plaintiffs' Wells Fargo debt in accordance with these terms.

Thereafter another dispute arose between the parties. Plaintiffs alleged that Defendant violated the bankruptcy stipulation by circumventing their counsel and contacting them directly. After a motion in the bankruptcy court for sanctions, Defendant agreed to settle this claim by reducing the amount Plaintiffs owed. Plaintiffs continued to make payments pursuant to the court order until the debt was

paid in full. Nevertheless, Defendant again contacted Plaintiffs directly and demanded continued payment. Plaintiffs filed suit against both Defendant and Wells Fargo, contending this demand violated the Fair Debt Collection Practices Act and Washington's Consumer Protection Act. Defendant represents itself in this action; Wells Fargo retained another law firm.

Defendant moved to dismiss the case by arguing, as to the state law claim, that law firms are exempt from the statutory definition of a "collection agency." The Court denied the motion, finding that Defendants were collecting a third-party debt (Wells Fargo's) and thus acting in such a capacity. Shortly after the Court's ruling, Plaintiffs and Wells Fargo entered into an agreement to settle the case for $6,500 ("Settlement Agreement"). The plain language of the Settlement Agreement releases all claims against "Wells Fargo and . . . its attorneys." Defendant, believing it was acting as an attorney when it demanded payment on Wells Fargo's debt, argues the Settlement Agreement's express terms release it from liability and moves for summary judgment.

## ANALYSIS

**A.  Defendant's Motion to Strike (ECF No. 50)**

Before reaching the merits of the summary judgment motion, the Court will address Defendant's motion to strike Plaintiffs' untimely response brief. Plaintiffs' counsel filed the response nearly three weeks past the deadline provided by local rule. LR 7.1(c)(1). Counsel did not seek leave from the Court. This is the second time Plaintiffs were late filing a responsive pleading (their brief in response to Defendant's dismissal motion was twenty-three days overdue), and it follows an express warning from the Court about failing to adhere to court rules.[1] Counsel asserts that his response brief was late because the deadline ran one day before a scheduled

---

[1] The Court previously declined to strike Plaintiffs' first tardy brief but cautioned on December 16, 2010: "I'm going to note that this was filed late, and I don't expect that to happen again in the federal court." (ECF No. 47, at 3).

ORDER ON DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT, *INTER ALIA*  * 2

mediation, and although the case did not settle, if it had, he argues filing a response would have been unnecessary.

The Court has discretion to strike an overdue brief and enter an adverse order against the party in default. LR 7.1(e). This is a harsh sanction to levy against Plaintiffs when doing so would deny their case a judgment on the merits. At the same time, the Court must ensure that court rules are consistently followed or risk their deterioration into mere paper tigers. Advised of these alternatives, the Court denies Defendant's motion and will consider Plaintiffs' response brief. However, the Court finds Plaintiffs' counsel's explanation unpersuasive and, to uphold the integrity of the rules, will impose on him a fine of $250. *See* LR 83.3 (Court may impose any discipline on attorneys before it that it "deems appropriate and just."). Mr. Reynolds is ordered to remit payment to the Clerk of the Court within thirty days.

And it bears repeating that the Court does not "expect [this] to happen again in the federal court."

**B.    Plaintiffs' Motion to Strike (ECF No. 55)**

Next, Plaintiffs ask that the Court strike Defendant's Motion for Summary Judgment. Plaintiffs contend that Defendant's motion is unsupported by documentation and thus cannot show an absence of a factual dispute. Plaintiffs also assert that Defendant is citing incorrect law. These arguments are better brought in a response to Defendant's motion. Because the Court is not striking Plaintiffs' brief, it denies their Motion to Strike.

**C.    Defendant's Motion for Summary Judgment (ECF No. 39)**

Finally the Court reaches the merits of Defendant's substantive motion. Defendant moves for summary judgment on two grounds, primarily arguing that Plaintiffs released it from liability via the Settlement Agreement. Alternatively it argues that Plaintiffs, who received compensation from Wells Fargo, are improperly seeking a double recovery.

**1)    The effect of the Settlement Agreement on Defendant**

Defendant first argues that the Settlement Agreement, which releases all claims against Wells Fargo and "its attorneys," applies to Defendant and ends this lawsuit. Plaintiff contends the language is ambiguous, that it can be interpreted reasonably to exclude Defendant, and that summary judgment is improper. Disposition of this issue thus boils down to contract interpretation, a question the Court must decide according to Washington state law.[2]

Summary judgment is proper when there are no factual disputes and only legal issues remain. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). Washington embraces an objective theory of contractual interpretation, a doctrine wherein factual quarrels about the parties' subjective intent are usually irrelevant. Hearst Comm'n v. Seattle Times Co., 154 Wn.2d 493, 504 (2005). However, this does not mean that every case turning on contract interpretation is ripe for summary judgment. Contractual terms are given their usual meaning unless "the entirety of the agreement clearly demonstrates a contrary intent." Id. Thus, summary judgment is improper where the text of the contract, coupled with the parties' objective manifestations, results in two reasonable but competing meanings. Renfro v. Kaur, 156 Wn. App. 655, 661 (2010).

The Court finds Plaintiff's arguments persuasive. Several factors support the reasonableness of concluding that the Settlement Agreement's release of Wells Fargo's "attorneys"--essentially boilerplate language--covers only the Bank's lawyers in this lawsuit and not Defendant. Although specifically identifying this case, the Settlement Agreement never once refers to Defendant by name, nor is Defendant a signatory to it. Further, the dismissal stipulation filed subsequent to the Settlement Agreement dismisses only Wells Fargo and leaves Defendant as a party. Defendant's counsel

---

[2] The Settlement Agreement includes a choice of law provision adopting Washington law.

**ORDER ON DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT,** *INTER ALIA*  * 4

signed the stipulation, apparently without objecting that it omitted his client. These objective manifestations are inconsistent with a belief that Defendant settled the matter. While the evidence suggests strongly that Plaintiff's interpretation of the Settlement Agreement is actually the correct one, Plaintiffs need only show that it is a reasonable one to defeat summary judgment. The Court denies Defendant's motion on this claim.

### 2) Prohibition Against Double Recovery

Even if it is not released by the Settlement Agreement, Defendant argues that the general prohibition against double recovery requires summary judgment in its favor. Defendant asserts that both of Plaintiff's causes of action arise from a single event--the July 30, 2010 demand--and Wells Fargo already compensated Plaintiff for that harm. Plaintiff counters with broad policy arguments, warning the Court that granting Defendant judgment on this theory will irrevocably hinder settlement negotiations.

The double recovery doctrine (also called the "one satisfaction rule") is founded on the principle that an injured party should not be allowed to recover more than once for the same wrong. While application of the double recovery doctrine is clear in actions based in tort and contract, it is less so with regard to statutory harms. Defendant cites to holdings that cursorily discuss double recovery, although none of these interpret either the FDCPA or Washington's Consumer Protection Act. *See, e.g.*, People v. Chevron Corp., 872 F.2d 1410, 1414 (9th Cir. 1989) (cautioning district court in an antitrust action to ensure plaintiff does not recover twice for "two different claims for the same injury").

Double recovery does not dispose of Plaintiffs' federal action. If Defendant is found to have violated the FDCPA, the Court may award Plaintiffs statutory damages

**ORDER ON DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT,** *INTER ALIA* ~ 5

of up to $1,000.³ 15 U.S.C. § 1692k(a)(2)(A). Of the cases addressing the issue, most find that multiple defendants are each separately, rather than joint and severally, liable for these damages. Overcash v. United Abstract Group, Inc., 549 F. Supp. 2d 193 (N.D.N.Y. 2008); Jones v. Invest. Retrievers, LLC, 2011 WL 1565851 (M.D. Pa. 2011) (following Overcash holding); *but see* Dowling v. Kucker Kraus & Bruh, LLP, 2005 WL 1337442 (S.D.N.Y. 2005) (total of $1,000 is available against all defendants). They reason that the FDCPA's statutory damages are "cast not in terms of the plaintiff's recovery, but in terms of the defendant's liability." Overcash, 549 F. Supp. 2d at 197. Such a rationale is directly contrary to that underlying the double recovery doctrine, the purpose of which is to avoid windfalls. The Court finds these cases persuasive, and thus Wells Fargo's settlement has no effect on Defendant's obligation to pay FDCPA statutory damages if awarded at trial.

But this reasoning does not apply to Plaintiff's state law claim. The Washington Consumer Protection Act includes no statutory damages provision. *See* RCW 19.86.090 (authorizing only actual and treble damages). The parties cite no cases, nor has the Court found any, addressing double recovery in the context of the CPA. But in other settings, double recovery is not a concern unless Plaintiff is "fully compensated for his loss." *See* Sherry v. Financial Indem. Co., 160 Wn.2d 611, 618 (2007) (insurer may not seek subrogation if insured is not fully compensated). Thus, Plaintiffs could conceivably defeat summary judgment by offering proof that their actual harm exceeds the $6,500 Wells Fargo paid. But they fail to produce any evidence as to their losses. This was their burden on summary judgment. Weinberg v. Whatcom County, 241 F.3d 746, 751 (9th Cir. 2001) (where plaintiff "failed to offer competent evidence of damages, dismissal on summary judgment was appropriate with respect to all claims for which [plaintiff] bore the burden of

---

³ Unlike the ambiguity of its status under Washington's Consumer Protection Act, Defendant is clearly subject to the FDCPA. 15 U.S.C. § 1692a(6).

**ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT,** *INTER ALIA* **\* 6**

establishing the amount of actual harm he suffered.").

Therefore, the Court grants Defendant summary judgment as to the Washington Consumer Protection Act claim and, in conclusion, grants in part and denies in part Defendant's motion.

### C. Defendant's Motion to Certify Question of State Law (ECF No. 44)

Finally, Defendant asks the Court to certify a question of law to the Washington Supreme Court. Because the Court is granting Defendant summary judgment on the state law claim, this motion is moot.

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendant's Motion to Strike (ECF No. 50) is **DENIED**. Mr. Reynolds shall remit payment of the $250 fine to the Clerk of the Court within thirty days.

2. Plaintiffs' Motion to Strike (ECF No. 55) is **DENIED**.

3. Defendant's Motion to for Summary Judgment (ECF Nos. 38 & 39) is **GRANTED,** in part, and **DENIED**, in part.

4. Defendant's Motion to Certify (ECF No. 44) is **DENIED**, as moot.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and forward copies to counsel.

**DATED** this 2nd day of August, 2011.

*s/Robert H. Whaley*
ROBERT H. WHALEY
United States District Judge

Q:\aCIVIL\2010\Strasters\sj.ord.wpd

**ORDER ON DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT,** *INTER ALIA*  * 7