```
1   ROBERT J. REYNOLDS P.S.
2   514 North 1st Street Ste. A
3   Yakima, WA 98901
4   Tel: (509)453-0313
5   Fax: (509)453-0314
```

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PAUL STRASTERS and ZADELLE STRASTERS, a married couple,<br><br>Plaintiffs,<br><br>v.<br><br>WEINSTEIN & RILEY, P.S., a debt collection agency;<br><br>Defendant. | NO. CV-10-3070-RHW<br><br>REPLY IN SUPPORT OF PLAINTIFF' MOTION TO COMPEL DISCOVERY |

## LAW AND ARGUMENT

### A.    The Information Sought Is Relevant

Defendant asserts that the information sought by Plaintiffs Motion to Compel Discovery is irrelevant to the present litigation. Plaintiffs Motion to Compel requests two discreet kinds of information. First, it requests information concerning the nature of the relationship between Weinstein & Riley P.S. and

1  Wells Fargo. Through this action, the Strasters are endeavoring to prove that
2  Weinstein is a debt collector. Weinstein has repeatedly insisted that the firm did
3  nothing more than provide legal services to Wells Fargo. Weinstein's insistence
4  that it is Wells Fargo's attorney seems to even appear in its responses to discovery
5  as it has asserted attorney-client privilege on Wells Fargo's behalf even though
6  Wells Fargo has retained an independent lawyer to represent itself in this case.

7  Unfortunately, the primary source of information which will demonstrate the
8  relationship between Weinstein and Wells Fargo is the contract between them.
9  Even though the Strasters have offered to produce a copy of their contract
10 employing counsel in exchange for Weinstein producing its contract with Wells
11 Fargo, Weinstein has continued to insist that its contract is privileged while the
12 Strasters contract is discoverable.

13 The second type of information that the Strasters are attempting to discover
14 through their Motion to Compel is the documentation which Weinstein has
15 concerning the Motion for Contempt for Violation of the Automatic Stay. In
16 Plaintiffs' Complaint they mention that Weinstein agreed to reduce the principle of
17 the loan by $1,000 in exchange for dismissing the Motion for Contempt. *See*
18 *Strasters v. Weinstein & Riley P.S.*, 10-CV-3070, Docket Number 1 at 3.6. The
19 Strasters are entitled to the documents which Weinstein has concerning the matter
20 as it is material to the relief sought by the Strasters.


### B. Weinstein Failed To Produce A Privilege Log

FRCP 26(b)(5)(A) states "When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must: (i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed--and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Weinstein has clearly violated the statutes governing discovery by failing to provide any kind of privilege log with respect to the case file made by Lisa Shank which would enable this court to make an informed evaluation of Weinstein's claim of attorney-client privilege with respect to any particular document.

In the past, the Ninth Circuit has held that failure to provide a privilege log acts as a waiver of any assertions of privilege. *Burlington Northern & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. of Mont.*, 408 F.3d 1142, 1147, (9th Cir. 2005). This seems like an overly harsh remedy in the present case since there may be document in the file which may deserve to remain privileged. However, documents concerning Weinstein's own wrongdoing are not among those documents. The Motion for Contempt for Violation of the Automatic Stay was filed against Weinstein alone and thus Weinstein was not representing Wells Fargo, but itself. Furthermore, that Motion has been settled and thus there is no

real risk that Weinstein will reveal any secrets which will impair its ability to defend that claim. Finally, Wells Fargo has never actually asserted privilege with respect to that information. If Wells Fargo intends to assert privilege, it would do so through its own counsel, David Voyles.

## CONCLUSION

Weinstein & Riley has intentionally and wrongfully withheld discoverable material concerning its employment contract with Wells Fargo and the information surrounding the Motion for Contempt filed by the Strasters in their bankruptcy. Furthermore, it has not followed the statutory procedure necessary to assert privilege. As such, Weinstein & Riley should be compelled to divulge this information.

Dated this 30th day of Aug, 2011.

Robert J. Reynolds WSBA #5796
Attorney for Plaintiff

<u>Certificate of Service</u>

The undersigned certifies that on August 30, 2011, a copy of the forgoing was electronically transmitted to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

    Jason Anderson; jasona@w-legal.com

By: s/ Robert J. Reynolds
Robert J. Reynolds WSBA #5796
Attorney for Plaintiff