UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PAUL STRASTERS and ZADELLE STRASTERS,<br><br>Plaintiffs,<br><br>v.<br><br>WEINSTEIN & RILEY, P.S.<br><br>Defendant. | NO. CV-10-3070-RHW<br><br>**ORDER ON DISCOVERY MOTIONS** |

Before the Court are the parties' cross-motions for discovery. Styled as motions to compel, both also contain arguments for why the discovery sought by the opposing party is privileged. The Court heard telephonic argument on August 31, 2011. Robert Reynolds appeared on behalf of Plaintiffs; Jason Anderson represented Defendant. For the reasons discussed, the Court grants the motions in part and orders discovery. The Court denies the motions in part to the extent they assert privilege.

## **BACKGROUND**

Plaintiffs served discovery requests on Defendant in November, 2010. They indicate that Defendant never responded; Defendant contends the requests, served before a Rule 26(f) conference, were procedurally improper. Plaintiffs sent a second set of requests on May 19, 2011. On June 22, 2011, after the time prescribed by the federal rules, Defendant responded but refused to answer several of Plaintiffs'

**ORDER ON DISCOVERY MOTIONS** * 1

interrogatories, asserting attorney-client privilege.

Meanwhile, on April 28, 2011, Defendant served on Plaintiffs its "First Set of Discovery Requests," which included nine interrogatories and seven requests for production. Although responses were due May 28, 2011, Plaintiffs never responded. Defendant sent letters to Plaintiffs on August 2, 2011 and August 8, 2011 requesting a status update. Those too went unanswered. Plaintiffs finally provided part of the discovery after Defendant filed its motion to compel. To two of Defendant's requests, however, Plaintiffs also claimed attorney-client privilege.

## ANALYSIS

### A.    Standard

After conferring with opposing counsel, a party may seek an order compelling discovery if the adverse party fails to answer an interrogatory or a request for production. FRCP 37(a)(3)(B)(iii)-(iv). Evasive and incomplete answers are treated as failures to respond. Id. (a)(4). The time within which to respond to interrogatories and requests for production is thirty days. FRCP 33 & 34. Whether to compel discovery is within the Court's discretion. Bollow v. Fed. Reserve Bank of San Francisco, 650 F.2d 1093, 1102 (9th Cir. 1981).

Evidentiary privileges are generally disfavored because they have the effect of withholding relevant information from the fact finder. United States v. Olano, 62 F.3d 1180, 1205 (9th Cir. 1995). As such, they can be waived and are applied only when necessary to achieve their limited purpose.

### B.    Waiver of Privilege

The Court finds that both parties waived privilege by failing to provide timely responses to each other's discovery requests. FRCP 34(b)(4); *see also* Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir. 1992) ("It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection."). Defendant advocates for this result in its own motion, but waiver applies equally in its case where its discovery requests were also

**ORDER ON DISCOVERY MOTIONS** \* 2

late.[1]

Moreover, both parties failed to provide a privilege log, another basis for the Court to decline to apply the privilege. *See* <u>BNSF Ry. Co. v. U.S. Dist. Ct., Dist. of Mont.</u>, 408 F.3d 1142, 1149-50 (9th Cir. 2005) (privileges waived where party produced privilege log five months late). Rule 26(b)(5), Fed. R. Civ. Pro., provides that when a party withholds information that is otherwise discoverable by claiming privilege, as both parties have, "the party must expressly make the claim and describe the nature of the documents, communications, or things not produced or disclosed in a manner that . . . will enable other parties to assess the applicability of the privilege or protection." They have not done so here.

**C.    Attorneys' Fees**

The Court is mindful that FRCP 37(a)(5) requires an award of attorneys' fees to the party prevailing on a motion to compel. A search reveals no circuit authority for the application of this provision to the situation at hand where parties have filed cross-motions. Presumably, however, both parties incurred similar fees in drafting and responding to each other's motions. Therefore, the Court will order each party to bear their own expenses. *Accord* <u>U.S. ex rel. McLean v. County of Santa Clara</u>, 2009 WL 189175, *2 (N.D. Cal. Jan. 23, 2009) (fee award denied where parties brought dueling discovery motions).

Accordingly, **IT IS HEREBY ORDERED:**

---

[1] Defendant is correct that Plaintiffs' first set of requests were improper. Discovery cannot be had before a Rule 26(f) conference without leave of the Court. FRCP 26(d)(1). The conference did not occur until early 2011. But Defendant responded to Plaintiffs' second set of requests a few days outside the thirty-day window provided (served on May 19, 2011, and responded on June 22, 2011).

**ORDER ON DISCOVERY MOTIONS** * 3

1. Defendant's Motions to Compel (ECF No. 62 & 92) and Plaintiffs' Motion to Compel (ECF No. 84) are **GRANTED in part, and DENIED in part**. The Court finds that the privileges asserted by the parties are waived, and both parties are ordered to provided the requested discovery within fourteen (14) days from the date of this Order.

2. Each party shall bear their own costs.

**IT IS SO ORDERED.**  The District Court Executive is directed to enter this Order and forward copies to counsel.

**DATED** this 13th day of September, 2011.

*s/Robert H. Whaley*
ROBERT H. WHALEY
United States District Judge

Q:\aCIVIL\2010\Strasters\discovery.ord.wpd

**ORDER ON DISCOVERY MOTIONS** * 4