UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PAUL STRASTERS and ZADELLE STRASTERS,<br><br>    Plaintiffs,<br><br>    v.<br><br>WEINSTEIN & RILEY, P.S.,<br><br>    Defendant. | No.  CV-10-3070-RHW<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION** |

The Plaintiffs move the Court to reconsider its order setting attorney's fees, which the Court heard on an expedited basis without oral argument. It is denied.

First, counsel complains that his fee in this case is less than what he received for work in the bankruptcy court. Of course, this Court is not bound by the fees awarded by other district or bankruptcy courts but may look to them for guidance. Here, the Court considered the bankruptcy rate along with those awarded in the other district court cases cited, and it fixed rates firmly within the ranges distilled from those cases.

Next, counsel takes issue with the Court reducing the lodestar figure by $4,300, the amount the ledger shows his firm retained from the Wells Fargo settlement. He

**ORDER DENYING RECONSIDERATION** * 1

does not challenge that his firm received the money from Wells Fargo, and instead states that "the money paid by Wells Fargo has been deducted from the total amount of hours" billed. But the $1,300 addition and $4,300 credit are not accompanied by time entries and do not give any indication that hours were marked down. Moreover, the Court calculated the lodestar without regard to the ledger's running monetary balance. Instead, it tabulated the number of hours reasonably expended and multiplied that by the hourly it fixed rates. With that figure in hand, "a non-settling defendant is entitled to offset [from it] the amount already paid by settling defendants." Corder v. Brown, 25 F.3d 833, 840 (9th Cir. 1994) (so holding to preclude attorneys from receiving a windfall). Counsel received $4,300 from Wells Fargo, a settling defendant, and the Defendant can deduct that amount from the fees it is required to pay.

Accordingly, **IT IS HEREBY ORDERED**:

1. The Plaintiffs' Motion for Reconsideration (ECF No. 165) is **DENIED**.

2. The Plaintiffs' Motion to Expedite (ECF No. 166) is **GRANTED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, forward copies to counsel.

**DATED** this 16th day of March, 2012.

*s/Robert H. Whaley*
ROBERT H. WHALEY
United States District Judge

**ORDER DENYING RECONSIDERATION** * 2

reconsider atty fees.ord.wpd